UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Bonnie M. Page**<br><br>    Plaintiff<br><br>v.<br><br>**U.S. Equities Corp. and Linda Strumpf**<br><br>    Defendants | **Complaint and Jury Demand** |

### Nature of the Case

1.    Bonnie Page is a 68-year-old widow employed as a part-time Spanish translator. While she was living in Costa Rica, U.S. Equities obtained a default judgment against her in New York. Page never received notice of that suit, though, and was unaware of its existence when she moved to Massachusetts in 2009. Based solely on its New York judgment, U.S. Equities then garnished Page's bank accounts in June 2014 through its counsel, Linda Strumpf. These actions violated the Fair Debt Collection Practices Act.

### Federal Jurisdiction and Venue

2.    The Court has jurisdiction because this case arises under the laws of the United States and is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

1

3.   Venue is proper in the District of Massachusetts because a substantial portion of the acts giving rise to this action occurred here, pursuant to 28 U.S.C. § 1391(b).

**Parties**

4.   Plaintiff Bonnie M. Page ("Page") is a natural person residing in Woburn, Massachusetts.

5.   Defendant U.S. Equities Corp. ("U.S. Equities") is incorporated in New York. Its principal executive office is located at 955 S. Springfield Avenue, Suite 2407, Springfield, New Jersey 07088.

6.   Defendant Linda Strumpf ("Strumpf") is an attorney with an office located at 69 Fox Run, South Salem, New York 10590.

**Facts**

7.   Page and her husband lived at 40 Phillips Street, Amsterdam, New York from approximately 1998 to 1999.

8.    In 1999, Page and her husband moved to Costa Rica.

9.   From approximately 1999 to 2005 their home was located at Jaco Sol 13A, Jaco, Costa Rica.

10.   Page's former residence at 40 Phillips Street was foreclosed on by Hudson River Bank & Trust Co. on approximately May 22, 2002. The property was then sold to Eric Cintron on approximately October 16, 2002.

11. On approximately October 27, 2003, U.S. Equities filed a complaint against Page in the City Court of the City of Amsterdam, alleging that it was the assignee of a debt allegedly owed by Page.

12. Page disputes owing any debt to U.S. Equities.

13. An Affidavit of Service stated that notice of the lawsuit was mailed to Page at 40 Phillips Street, and that notice was also affixed to the door of that property.

14. Page did not receive this service of process.

15. A default judgment was entered in favor of U.S. Equities on approximately August 24, 2004.

16. Page's husband died on October 31, 2007.

17. In approximately March 2009, Page moved from Costa Rica to Massachusetts.

18. Page is 68 years old. Her sole sources of income are Social Security and part-time employment as a Spanish translator.

19. Page maintains bank accounts at Bank of America.

20. On June 20, 2014, Bank of America notified Page that U.S. Equities had executed a garnishment on her bank accounts.

21. The garnishment was executed by Strumpf as counsel for U.S. Equities.

22. U.S. Equities garnished a total of $214.99 from Page's checking account.

23. Page's checking and savings accounts were also charged legal fees of $51.96 and $48.04, respectively.

24. Page never received notice of the lawsuit from U.S. Equities before this garnishment.

25. Page attempted to close her accounts with Bank of America after the garnishment, but due to the outstanding garnishment she was prevented from doing so.

26. Bank of America charges Page a monthly fee of $23.00 in order to keep her accounts open.

27. The Commonwealth of Massachusetts has not adopted the Uniform Enforcement of Foreign Judgments Act.

28. In order to enforce a foreign judgment issued in another state within Massachusetts, a separate judgment must first be obtained from a Massachusetts court. *Smith Barney, Harris Upham & Co., Inc. v. Connolly*, 887 F. Supp. 337, 344 (D. Mass. 1994).

29. In order to obtain a Massachusetts judgment based on a foreign judgment, it must be shown that the foreign judgment was rendered where there was subject matter jurisdiction, personal jurisdiction, and no due process violations. A foreign judgment will not be honored in Massachusetts if service of process was defective. *Quinn v. Quinn*, 5 Mass. App. Ct. 794 (1977).

30. U.S. Equities never filed an action against Page within the Commonwealth of Massachusetts before enforcing its foreign judgment.

31. U.S. Equities had no legal right to enforce its foreign judgment against Page in Massachusetts.

32.     Strumpf is not admitted to practice law in the Commonwealth of Massachusetts.

### Count I:
### Violation of Fair Debt Collection Practices Act
### 15 U.S.C. § 1692, *et seq.*

33.     The proceeding allegations are incorporated by reference.

34.     U.S. Equities is in the business of collecting debts that are owed or alleged to be owed to third parties, or which it purchased after default.

35.     U.S. Equities is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

36.     Strumpf is an attorney that regularly collects consumer debts.

37.      Strumpf is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

38.     The account at issue was opened primarily for personal or household use, and is therefore a "debt" as defined by the FDCPA. 15 U.S.C. § 1692a(5).

39.     A debt collector is prohibited from falsely representing the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

40.     A debt collector is prohibited from collecting any amount that is prohibited by law. 15 U.S.C. § 1692f(1).

41.     A debt collector is prohibited from taking any action that cannot legally be taken. *See Harrington v. CACV of Colorado, LLC*, 508 F. Supp. 2d 128 (D. Mass. 2007) (adopting the majority rule that 15 U.S.C. § 1692e(5) prohibits collectors from both threatening and taking illegal actions.).

42. By contacting Bank of America in order to garnish Page's accounts, U.S. Equities and Strumpf falsely represented the character, amount, or legal status of Page's alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

43. By garnishing Page's bank accounts without having obtained a judgment from a Massachusetts court, U.S. Equities and Strumpf collected an amount prohibited by law in violation of 15 U.S.C. § 1692f(1).

44. By garnishing Page's bank accounts without having obtained a judgment from a Massachusetts court, U.S. Equities and Strumpf took illegal action against Page in violation of 15 U.S.C. § 1692e(5).

45. The actions of U.S. Equities and Strumpf caused Page monetary and emotional damages.

**Request for Relief**

WHEREFORE, Page requests that the Court issue judgment in her favor and against U.S. Equities and Strumpf, as well as the following relief:

a) A judgment that U.S. Equities violated the Fair Debt Collection Practices Act;

b) A judgment that Strumpf violated the Fair Debt Collection Practices Act;

c) Actual and compensatory damages, including for emotional distress;

d) Statutory damages in the amount of $1,000 per violation;

e) Costs, interest, and attorney fees; and

f) All other relief to which he is entitled at law or in equity.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

                                              Respectfully submitted,

                                              /s/ *Christopher M. Brine*
                                              Josef C. Culik (BBO #672665)
                                              Christopher M. Brine (BBO #679289)
                                              CULIK LAW PC
                                              18 Commerce Way, Suite 2850
                                              Woburn, Massachusetts 01801
                                              (617) 830-1795
                                              (617) 830-1576 Fax
                                              jculik@culiklaw.com
                                              cbrine@culiklaw.com

                                              Attorneys for Bonnie Page

February 12, 2015